## STATE *v.* HUNTER.

Opinion delivered October 12, 1901.

CONSTITUTIONAL LAW—EXTENSION OF PROVISIONS OF STATUTE BY TITLE.— Section 4588, Sand. & H. Dig., which provides that no donee shall cut or remove any timber from donated land, except for its specific improvement, until the necessary proof of improvement shall have been filed and the deed issued therefor, and that for any violation of this section such donee "shall be prosecuted in the manner prescribed by law for depredating on the timbered lands of the state," is not void within the Const. 1874, art. 5, § 23, which provides: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.

Appeal from Jackson Circuit Court.

HANCE N. HUTTON, Judge.

*George W. Murphy, Attorney General,* for appellant.

Even if that part of Sand. & H. Dig., § 4588, which provides that the offender "shall be prosecuted in the manner prescribed by law for depredating on timber lands of the state" is violative of § 23, art. 5, of the constitution, still the indictment is good under § 1774, Sand. & H. Dig.  159 U. S. 491; 167 U. S. 191.  The land belonged to the state.  *Cf.* Sand. & H. Dig., §§ 4573, 4575, 4577, 4579.

BUNN, C. J.  This is an indictment for the larceny of timber from state lands, which reads as follows, to-wit:

"The grand jury of Phillips county, in the name and by the authority of the state of Arkansas, accuse Samuel H. Hunter of the crime of a felony committed as follows:  The said Samuel H. Hunter on the 1st day of May, 1898, in the county of Phillips

aforesaid, then and there having previously, to-wit: On the 12th day of December, 1896, donated from the state of Arkansas the southwest quarter of section 20, in township 4 south, range 2 east, containing 160 acres, in Phillips county, Arkansas, said lands being the property of the state of Arkansas, then and there beginning on the 1st day of May, 1898, and continuing at divers times and [on] divers days until the 1st day of September, 1899, 100 trees, of the value of $200, the property of the state of Arkansas, unlawfully, wilfully, knowingly, feloniously and without lawful authority, did cut down, take and carry away, and cause to be cut down, taken and carried away, with the felonious intent to convert the same to his own use, the said trees not having been cut down, taken and carried away for the specific improvement of said donation, and the necessary proof of improvement not having been filed with the commissioner of state lands, and the deed issued therefor; against the peace and dignity of the state of Arkansas."

A demurrer was interposed on the alleged grounds: "(1) That it charged more than one offense; (2) that it charged him with an offense under the law which was in violation of section 23, art. 5, of the constitution."

The court overruled the demurrer as to the first ground, but sustained it as to the second, and the state excepted and appealed.

It is not clear what statute is referred to in the statement of the second ground of demurrer. The attorney general evidently treated it as referring to section 4588, Sand. & H. Dig., which was section 10 of an act entitled "An act for the donation of forfeited lands," approved April 4, 1887. It appears to be an original act; at least, an act which treated the whole subject, and expressly repealed all conflicting laws. It is not in any sense a criminal statute, but a statute defining the property rights of the state in timber on donated lands between the time of filing of the application for donation and the proof of improvement and making of the final deed. The state being thus declared to be the owner of the timber, except such as is used in making the improvement, the provision of the section merely goes to the extent of directing that "in addition (in the land office contest procedure) such donee and any accessories thereto shall be prosecuted in the manner prescribed by law for depredating on the timbered lands of the state," that is, lands belonging unqualifiedly to the state. The prosecution for such depredations at the time were authorized by what is now sec-

tion 1774, Sand. & H. Dig., which was section 1 of the act entitled "An act to protect state lands, and for the regulation and protection of the timber and timber interest of the state," which also appears to be an original act, and expressly repeals all conflicting acts, and was approved March 17, 1883, long prior to the passage of section 4588, as aforesaid. Neither one of these acts, nor any other which can in anywise relate to the indictment in this case, seems to be such as is affected in any way by section 23, art. 5, of the constitution, which reads as follows: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length."

In this view of it, which is the only view to take of it, the judgment of the court below was erroneous, and is reversed, and the cause is remanded, with directions to overrule said demurrer as to the second ground also, and to proceed not inconsistently herewith.